1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES McELROY,

11              Petitioner,                 No. 2:09-cv-2259 GEB KJN P

12        vs.

13   JAMES HAVILAND, Warden,

14              Respondent.               FINDINGS AND RECOMMENDATIONS
     _____/

15

16   I.  Introduction

17              Petitioner is a state prisoner proceeding without counsel with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the 2007 Board of Parole

19   Hearings (BPH) decision that found petitioner unsuitable for parole.

20              Pending before the court is respondent's February 2, 2010 motion to dismiss on

21   the grounds that this action is barred by the statute of limitations.  Dkt. No. 10.  Petitioner filed

22   an opposition and respondent filed a reply.  Dkt. Nos. 12, 13.  After carefully considering the

23   entire record, the court recommends that respondent's motion to dismiss be denied.

24   II.  Motion to Dismiss

25              The statute of limitations for federal habeas corpus petitions is set forth in 28

26   U.S.C. § 2244(d)(1):

                                            1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), i.e. the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.  Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003).  At the time the Ninth Circuit decided Redd, suitability decisions could be administratively appealed.  Id. at 1084.  In Redd, the Ninth Circuit held that the factual basis of the petitioner's claims challenging a parole suitability hearing could have been discovered through the exercise of due diligence when the BPH denied the administrative appeal.  Id.

Since Redd, the administrative review process for parole suitability hearings has been eliminated.  According to the transcript from petitioner's March 23, 2007, suitability hearing before the BPH, the decision finding petitioner unsuitable for parole became final on July 21, 2007.  Petition at 178.[1]

Respondent argues that the statute of limitations ran from the date of the hearing,

---

[1]  The court has referred to all page numbers as they appear on the court's electronic filing system, as plaintiff's petition is not numbered consecutively.

i.e. March 23, 2007, rather than from the date it became final on July 21, 2007.  The undersigned does not agree.  The BPH decision explicitly stated, "This decision will be final on JUL 21 2007. You will be promptly notified if, prior to that date, the decision is modified." Petition at 178. Therefore, it was entirely reasonable for petitioner to rely on July 21, 2007, to be the date that the decision was final.  In fact, petitioner was notified that the decision could be modified before that date.  Id.

"Under the rationale of Redd, petitioner could not have known the factual predicate of his claim unless and until the decision becomes final.  See Redd v. McGrath, 343 F.3d at 1084 (statute of limitations begins to run when administrative decision becomes final). The decision became final on July 21, 2007, 120 days after the hearing, pursuant to Cal. Pen. § 3041(b).  See also  Tidwell v. Marshall, 620 F.Supp.2d 1098 (C.D. Cal. 2009); Clark v. Sisto, No. 2:09-cv-3057 FCD GGH P (E.D. Cal. March 12, 2010); Faatiliga v. Hartley, No. 2:09-cv-2039 LJO DLB P, 2010 WL 728552 at *3 (E.D. Cal. March 1, 2010); Banks v. Kramer, 2009 WL 256449 *1 (E.D. Cal. 2009); Ramirez-Salgado v. Scribner, 2009 WL 211117 *5 (S.D. Cal. 2009).

Thus, the statute of limitations began to run the next day, on July 22, 2007. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year, that is until July 22, 2008, to file a timely federal petition.  The instant federal petition, filed on July 28, 2009, is not timely unless petitioner is entitled to statutory or equitable tolling.[2]

Petitioner filed three state post-conviction collateral actions:

1. May 9, 2008: First habeas petition filed in the San Bernadino County Superior Court.  MTD, Exh. 1 at 52.  The petition was denied on November 5, 2008. MTD, Exh. 2 at 1.

---

[2]  The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court.  Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

2.  December 1, 2008: Second habeas petition filed in the California Court of Appeal, Fourth Appellate District.  MTD, Exh. 3 at 52.  The petition was denied on December 18, 2008.  MTD, Exh. 4 at 1.

3.  January 12, 2009: Third habeas petition filed in the California Supreme Court. MTD, Exh. 5 at 52. The petition was denied on July 8, 2009.  MTD, Exh. 6 at 1.

Petitioner filed the instant petition on July 28, 2009.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling").  See Evans v. Chavis, 546 U.S. 189, 193-94 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005).  "[T]ime limits, no matter their form, are 'filing' conditions."  Pace v. DiGuglielmo, 544 U.S. at 417.  "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414.  Under such circumstances, the petitioner is not entitled to statutory tolling.  Id. at 417.

The court initially notes that after reviewing the decisions of all three state petitions, the petitions were "properly filed" for purposes of statutory tolling.  See Pace. Petitioner's first state petition was filed on May 9, 2008, approximately 292 days after judgment became final.  Petitioner is entitled to tolling for the period from May 9, 2008, the date the petition was filed, to November 5, 2008, the date the state petition was denied, 180 days.  With this tolling, petitioner had until approximately January 18, 2009 to timely file his federal petition.

4

1    The first state petition was denied on November 5, 2008, by the San Bernadino

2 County Superior Court and petitioner filed his second petition on December 1, 2008, with the

3 California Court of Appeal.  Petitioner will receive interval tolling for the 26 days, as this was a

4 reasonable time period and the petition was filed in a higher court.  Evans v. Chavis, 546 U.S. at

5 193-94.  Petitioner will also receive statutory tolling for the pendency of the second petition,

6 from December 1, 2008 to December 18, 2008, 17 days.  With both of these tolling allotments

7 equaling 43 days petitioner had until March 2, 2009, to file his federal petition.

8    The second petition was denied by the California Court of Appeal on December

9 18, 2008, and petitioner filed his next petition with the California Supreme Court on January 12,

10 2009.  Petitioner will receive interval tolling for the 25 days between the denial and filing of this

11 petition.  See Evans.  Petitioner will also receive tolling for the pendency of this petition which

12 was denied by the California Supreme Court on July 8, 2009, another 177 days.  Petitioner

13 receives another 202 days of tolling.  With these additions, petitioner had until approximately

14 September 20, 2009, to file his federal petition.

15    Therefore, petitioner's federal petition filed on July 28, 2009 is timely.

16    Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 2,

17 2010 motion to dismiss (Dkt. No. 10) be denied and respondent be ordered to file an answer to

18 the petition.

19    These findings and recommendations are submitted to the United States District

20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

21 one days after being served with these findings and recommendations, any party may file written

22 objections with the court and serve a copy on all parties.  Such a document should be captioned

23 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

24 objections shall be filed and served within fourteen days after service of the objections.  The

25 parties are advised that failure to file objections within the specified time may waive the right to

26 ////

1    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2    DATED:  March 24, 2010

3

4

5                                                    _____
                                                     KENDALL J. NEWMAN
6                                                    UNITED STATES MAGISTRATE JUDGE

7

8    mcel2259.mtd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26