IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES McELROY,

    Petitioner,                    No. 2: 09-cv-2259 GEB KJN P

   vs.

JAMES HAVILAND,

    Respondent.           <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2007 Board of Parole Hearings ("BPH") decision finding him unsuitable for parole.

        The record does not contain a copy of the psychological report relied on by the BPH in 2007 to find petitioner unsuitable. The record also does not contain a copy of the report discussing petitioner's prison disciplinary record relied on by the BPH. Accordingly, on October 21, 2010 the magistrate judge ordered respondent to file these reports.

        Pending before the court is respondent's November 2, 2010 request for reconsideration of the October 21, 2010 order. Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law."

////

Respondent argues that review of these records is improper under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") which limits the court's review to the state court's decision.

Production of petitioner's psychological and disciplinary reports may be compelled under Rule 7(a) of the Rules Governing § 2254 Proceedings. See Order, Leon v. Kane, No. S-04-2631 FCD JFM P, filed April 24, 2008 (order by Judge Damrell denying motion for reconsideration of order by magistrate judge directing parties, pursuant to Rule 7(a), to expand the record to include all materials considered by the BPH in connection with 2001 parole hearing); order, Stewart v. Shepherd, No. 2: 05-0458 RRB KJM P, filed November 14, 2007 (order by Judge Beistline denying motion for reconsideration of order by magistrate judge to expand record to include all materials considered by Governor in deciding to reverse BPH grant of parole).

Rule 7(a) provides: "the judge may direct the parties to expand the [habeas] record by submitting additional materials relating to the petition." Thus, because production of petitioner's psychological and disciplinary records may be required pursuant to Rule 7(a), the court cannot find the magistrate judge's order clearly erroneous or contrary to law.

Therefore, IT IS HEREBY ORDERED that upon reconsideration, the order of the magistrate judge filed October 21, 2010 is affirmed.

Dated: November 10, 2010

GARLAND E. BURRELL, JR.
United States District Judge